(Reap. Dec. 9664)

F. L. KRAEMER & CO., FOR THE A/C NAFTONE, INC. v. UNITED STATES

Entry No. 769007.

Decided April 13, 1960

*Eugene R. Pickrell* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Daniel I. Auster* and *Murray Sklaroff,* trial attorneys), for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

1. That the merchandise covered by the above appeal for reappraisement, designated on the Consular Invoice as 2.4 Tolylene Diisocyanate Orthodichlorbenzol, is a coal-tar intermediate and is a mixture consisting of 85 percent of an impure 2.4 Tolylene Diisocyanate (otherwise known as 2.4 Toluene Diisocyanate) and 15 percent of an impure Orthodichlorbenzol (otherwise known as Orthodichlorbenzene) ;

2. That the imported merchandise, hereinafter referred to as the mixture, was appraised on the basis of the American selling price as defined in Section 402(g) of the Tariff Act of 1930, as amended, at $1.125 per pound, net packed, by adding 85 per cent of the freely offered price at which the domestic commercial grade of 2.4 Tolylene Diisocyanate is sold in the United States to 15 per cent of the freely offered price at which the domestic commercial grade of Orthodichlorbenzol is sold in the United States ;

3. That merchandise such as or similar to the mixture was neither offered for sale nor sold for home consumption in Germany at or about the time of exportation, and there is no foreign value for such or similar merchandise ;

4. That merchandise such as or similar to the mixture was neither offered for sale nor sold to all purchasers for export from Germany to the United States at or about the time of exportation, and there is no export value for such or similar merchandise;

5. That imported merchandise such as or similar to the mixture was neither offered for sale nor sold for home consumption in the United States at or about the time of exportation, and there is no United States value for such or similar merchandise;

6. That such or similar merchandise of domestic manufacture was neither offered for sale nor sold for home consumption in the United States at or about the time of exportation, and no domestic manufacturers of such or similar merchandise were willing to sell the same for home consumption in the United States at or about the time of exportation, and there is no American selling price for such or similar merchandise;

7. That the cost of production as defined in Section 402(f) of the Tariff Act of 1930 of the merchandise the subject of this appeal for reappraisement is Deutschemark 6.576 per kilo, packing included.

It is further stipulated and agreed that this appeal for reappraisement be submitted on this stipulation.

On the agreed facts, I find and hold cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was deutsche marks 6.576 per kilo, packing included.

Judgment will be entered accordingly.